**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 96-4145

LOUIE CLEMENT CAFFEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-95-225)

Submitted: October 3, 1996

Decided: October 16, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

K. E. Krispen Culbertson, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Richard S. Glaser, Jr.,
Assistant United States Attorney, Gill P. Beck, Assistant United
States Attorney, Lynne P. Klauer, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Louie Clement Caffey pleaded guilty to possession with attempt to distribute marijuana in violation of 18 U.S.C. § 841(a)(1) (1994). On appeal, he attacks his conviction on the grounds that the district court erred by failing to grant his "Motion to Vacate Guilty Plea for Double Jeopardy and Motion to Dismiss." Caffey contended a federal conviction following a state seizure of his property constituted double jeopardy. Because Caffey's conviction does not violate the Double Jeopardy Clause, we affirm the conviction.

Caffey's prosecution was not barred by the Double Jeopardy Clause, because the state of North Carolina seized his property for failure to pay state taxes on controlled substances in his possession. Even if the seizure was punitive, federal and state governments may prosecute a defendant for the same conduct without violating the dual sovereignty doctrine, unless one sovereign is merely acting as a tool of the other. United States v. Pena, 67 F.3d 153, 156 (8th Cir. 1995) (citation omitted); see also Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959) (cooperation of federal law enforcement officers with state law officials does not violate the Double Jeopardy Clause). There was no showing here that federal officials were manipulated by state officials in prosecuting Caffey. Thus, as this is Caffey's sole issue on appeal, we affirm Caffey's conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

2